IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TRAVIS JEROME RUFFIN**                                                             **PETITIONER**

**v.**                                             **CIVIL ACTION NO.: 3:23-cv-392-CWR-MTP**

**BURL CAIN**                                                                         **RESPONDENT**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the *pro se* petition of Travis Jerome Ruffin for a writ of habeas corpus under 28 U.S.C. § 2254 and his Motion to Amend [4]. Respondent filed a Motion to Dismiss [5] the petition as time-barred under 28 U.S.C. § 2244(d). Petitioner has failed to respond, and the matter is ripe for resolution. Having considered the petition, the record, and applicable law, the undersigned recommends that the Motion to Dismiss [5] be GRANTED and the Motion to Amend [4] be DENIED.

## BACKGROUND

Petitioner Travis Jerome Ruffin is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. On April 5, 1995, Ruffin was convicted in the Lauderdale County Circuit Court of "robbery by use of a deadly weapon." [5-1]. Ruffin was sentenced as a habitual offender to serve thirty-seven (37) years in the custody of the MDOC. [5-2]. Through counsel, Ruffin appealed his conviction and sentence to the Mississippi Supreme Court and raised two issues for the court's review:

(1) The trial court erred in allowing the State to introduce into evidence the pistol which was recovered near the point where Ruffin was apprehended because the victim did not identify the weapon at trial and there was no basis to introduce it into evidence.

  (2) The trial court committed reversible error in failing to grant a peremptory instruction in Ruffin's favor or grant a motion for a directed verdict, judgment notwithstanding the verdict, or a new trial.

[5-3]. The Mississippi Court of Appeals affirmed Ruffin's conviction and sentence in an unpublished opinion on December 17, 1996. *See Ruffin v. State*, 691 So. 2d 1044 (Miss. Ct. App. 1996) (Table).

On December 5, 1999, Ruffin filed a motion for an enlargement of time to complete a motion for post-conviction relief in the Mississippi Supreme Court. [6-6]. The Mississippi Supreme Court denied that motion on December 16, 1999, holding that "the time for filing is set by statute and cannot be extended." *Id*. (citing Miss. Code Ann. § 99-39-5). Thereafter, Ruffin did not "complete" or file his motion for post-conviction relief nor did he pursue any other state post-conviction relief. Apparently, Ruffin made no other legal challenges to his conviction over the next two decades.

Ruffin signed his *pro se* petition for habeas corpus relief on June 12, 2023, and it was docketed by the Court on June 20, 2023.[1] *See* [1]. In the petition, Ruffin admits that he has not previously filed any other petitions, applications, or motions concerning his conviction and sentence for attempted armed robbery in any state court. *Id.* at ¶ 10. Now, however, Ruffin pursues a challenge to his conviction and sentence on three grounds: a violation of the Fifth Amendment, ineffective assistance of counsel, and a violation of due process. Ruffin also filed a Motion to Amend [4] his petition and moves to add a new claim alleging that his indictment was amended without notice at the sentencing phase of his trial.

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's federal habeas corpus petition is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures." *Starns v. Andrews*, 524 F.3d 612, 616 n.1 (5th Cir. 2008).

On September 11, 2023, Respondents moved to dismiss Ruffin's petition and the claim in his Motion to Amend [4] as untimely filed under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). [5]. Ruffin has not responded and the time for doing so has long since expired.

## ANALYSIS

The AEDPA demands that a petitioner seeking federal habeas relief file a petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). *See also Erickson v. Davis*, 895 F.3d 372, 374 (5th Cir. 2018). According to Respondent, Ruffin had until December 31, 1997, to file his petition. Instead, Ruffin's petition was filed on June 20, 2023, roughly twenty-six (26) years beyond the deadline for federal habeas petitions as established by the AEDPA.

Ruffin was convicted on April 5, 1995, in the Lauderdale County Circuit Court. Thereafter, Ruffin, through counsel, appealed his conviction and sentence to the Mississippi Supreme Court. The Mississippi Court of Appeals affirmed Ruffin's conviction and sentence on December 17, 1996. Ruffin could have sought a rehearing within fourteen (14) days of the Mississippi Court of Appeals's decision to affirm his conviction, but he did not. *See* Miss. R. App. P. 40. Thus, Ruffin's judgment became final on December 31, 1996, fourteen (14) days after the Mississippi Court of Appeals affirmed his conviction. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, under Section 2244(d)(1)(A), a decision becomes final by the "expiration of the time for seeking such review").

Ruffin's habeas petition was therefore due in this Court by December 31, 1997. Accordingly, the petition filed on June 20, 2023, is untimely absent any applicable tolling.

3

**Statutory Tolling**

Statutory tolling is governed by 28 U.S.C. § 2244(d)(2), which states, "The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." So, Ruffin must have filed an application for post-conviction relief in state court on or before December 31, 1997, to toll the federal limitations period. He did not do so.

On December 5, 1999, however, Ruffin filed a motion for an enlargement of time to file a motion for post-conviction relief with the Mississippi Supreme Court. That motion was denied on December 16, 1999. Ruffin did not submit a "properly filed" motion (or any motion) for post-conviction relief under Section 2244(d)(2). Ruffin thereafter did not pursue any other petitions, applications, or motions concerning his conviction and sentence for attempted armed robbery in any state court. [1] at ¶ 10. As Ruffin does not benefit from statutory tolling under Section 2244(d)(2), his federal habeas deadline remains December 31, 1997.

**Equitable Tolling**

In addition to Section 2244(d)(2), the district court has the discretion to invoke equitable tolling in "rare and exceptional circumstances." *Fisher v. Johnson*, F.3d 710, 714 (5th Cir. 1999). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). "The burden of proof rests with the petitioner, *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013), who must meet both prongs, *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012)." *Young v. Mississippi*, 2021 WL 4190646, at *4 (S.D. Miss. Aug. 26, 2021).

4

Ruffin has not carried his burden of proof on either prong.  In the petition, Ruffin provides no argument why the one-year statute of limitations contained in 28 U.S.C § 2244(d)(1)(A) does not bar his petition.  [1] at 22.  Ruffin has not pursued his claims over the last twenty-six (26) years and identifies no "rare and exceptional" circumstances to warrant equitable tolling.  As Ruffin's petition is untimely and no tolling is available, Respondent's Motion to Dismiss [5] should be granted.

**Motion to Amend**

Ruffin's Motion to Amend [4] should be denied for the same reasons.  Ruffin moves to add a new claim alleging that his indictment was amended without notice at the sentencing phase of his trial.  The record reveals that Ruffin was sentenced pursuant to Miss. Code Ann. § 99-19-81 although he was originally indicted under Miss. Code Ann. § 99-19-83.  *See* [6-4] at 106.  Ruffin contends this amendment was an "unfair surprise."  However, like the other claims in his petition, the record also establishes that Ruffin has not raised this issue on appeal since his initial conviction in 1995.

Applicants seeking federal habeas relief under Section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.  *Dille v. Wilkins*, 2023 WL 5424821, at *1 (S.D. Miss. June 21, 2023) (citing *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006)).  "A habeas petitioner who has failed to exhaust all post-conviction remedies has asserted no cognizable right to federal habeas relief under [Section] 2254."  *Id*.  "If the purpose of filing an amended petition is to pursue unexhausted claims, [ ] the amendment will be futile."  *Hutto v. Cain*, 2021 WL 2785336, at *2 (S.D. Miss. July 2, 2021).

Here, Ruffin has not exhausted this claim in state court and has no right to federal habeas relief under Section 2254.  Even if the amendment were allowed, the same analysis regarding the

5

one-year time bar set forth above applies and would warrant dismissal of the claim. Ruffin should have raised this issue in a motion for post-conviction relief or a habeas petition by December 31, 1997, to toll the deadline set forth by AEDPA. However, he did not do so, and he offers no argument to justify an untimely petition since his conviction became final in 1997. Accordingly, Ruffin's Motion to Amend [4] should be denied as futile.

## CONCLUSION

Ruffin filed his petition for habeas corpus relief on June 20, 2023, almost twenty-six (26) years after the December 31, 1997, expiration of the statute of limitations, as established by AEDPA. As Ruffin has shown no reason why he should be excused from meeting the AEDPA deadline, Respondent's Motion to Dismiss [5] the petition as untimely filed should be granted. Ruffin's Motion to Amend [4] should be denied as futile for the same reason and because he moves to add an unexhausted claim.

## RECOMMENDATIONS

For the reasons set forth above, the undersigned recommends that the Motion to Dismiss [5] be GRANTED and that the petition be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the Motion to Amend [4] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L. U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to

proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 2nd day of November, 2023.

s/Michael T. Parker
United States Magistrate Judge
